USDC SCAN INDEX SHEET










```
JAH    9/20/05    14:32
3:04-CR-01000   USA V. LE
*179*
*CRINFOSPS.*
```

FILED
SEP 19 2005
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YITSHAK SISO (9), <br><br> Defendant. | Criminal Case No. 04CR1000IEG <br><br> I N F O R M A T I O N <br> (Superseding) <br><br> Title 21, U.S.C., Secs. 846 and 841(a)(1) - Conspiracy to Distribute a Controlled Substance; Title 18, U.S.C., Sec. 1956(a)(1)(A)(i) - Money Laundering; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The United States Attorney charges:

Count 1

1.   At various times material to this Information:

    a.   Dat Vinh Le (previously charged) was a resident of San Diego, California and a large-scale distributor of "boat" (1,000 tablet packet) quantities of "ecstasy," a mind-altering illegal drug.

    b.   Eliyahu Marciano (previously charged) was a resident of Los Angeles, California and the source of supply of ecstasy tablets for Dat Vinh Le.

//

ECW:nlv:San Diego
9/19/05

179

c. Louie Dung Bui (previously charged) was a resident of San Diego, California and a close associate of Dat Vinh Le who was entrusted with keeping money in connection with the distribution or attempted distribution of large quantities of ecstasy tablets.

d. Defendant YITSHAK SISO was a resident of Los Angeles, California and an associate of Eliyahu Marciano who was entrusted with picking up money in connection with the distribution or attempted distribution of large quantities of ecstasy tablets.

2. Beginning in or about December 2001 and continuing up to and including April 5, 2004, within the Southern District of California and elsewhere, defendant YITSHAK SISO did knowingly and intentionally conspire with Dat Vinh Le, Eliyahu Marciano, Louie Dung Bui, and other persons to distribute thousands of tablets of 3,4 methylenedioxymethamphetamine (MDMA), commonly known as "ecstasy," a Schedule I Controlled Substance; in violation of Title 21, United States Code, Section 841(a)(1).

3. It was a part of the conspiracy that Dat Vinh Le would be supplied with ecstasy tablets by Eliyahu Marciano who would obtain the best possible prices and types of ecstasy tablets.

4. It was a further part of the conspiracy that Dat Vinh Le would task Louie Dung Bui with special assignments such as obtaining cellular phones, keeping money, retrieving unsold "boats" of ecstasy, and maintaining contact with Eliyahu Marciano.

5. It was a further part of the conspiracy that defendant YITSHAK SISO would travel from Los Angeles, California to San Diego, California on behalf of Eliyahu Marciano to pick up money from Dat Vinh Le in connection with the distribution or attempted distribution of large quantities of ecstasy tablets.

## OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Southern District of California and elsewhere:

1. On or about November 25, 2003, at approximately 5:05 p.m., in San Diego, California and Los Angeles, California, Dat Vinh Le had a telephone conversation with Eliyahu Marciano stating that he still had "ten" ($10,000 or ten "boats") in connection with the ecstasy tablets that were provided by Eliyahu Marciano.

2. On or about November 27, 2003, at approximately 6:04 p.m., in San Diego, California and Los Angeles, California, Dat Vinh Le had a telephone conversation with Eliyahu Marciano about defendant YITSHAK SISO being in San Diego, California to retrieve money in connection with the ecstasy tablets Dat Vinh Le was distributing.

3. On or about November 27, 2003, at approximately 6:11 p.m., in San Diego, California, Dat Vinh Le had a telephone conversation with defendant YITSHAK SISO about getting together at the direction of Eliyahu Marciano.

4. On or about November 27, 2003, at approximately 10:30 p.m., in San Diego, California and Los Angeles, California, Dat Vinh Le had a telephone conversation with Eliyahu Marciano about Dat Vinh Le meeting with defendant YITSHAK SISO the next day.

5. On or about November 27, 2003, at approximately 10:37 p.m., in San Diego, California, Dat Vinh Le had a telephone conversation with Louie Dung Bui about Louie Dung Bui

|   |   |   |
|---|---|---|
| 1 |   | stopping at the residence of Dat Vinh Le to bring him the |
| 2 |   | "paperwork" (a package containing money). |
| 3 | 6. | On or about November 28, 2003, at approximately 9:39 a.m., |
| 4 |   | in San Diego, California, Dat Vinh Le had a telephone |
| 5 |   | conversation with defendant YITSHAK SISO arranging to meet |
| 6 |   | in approximately two hours before defendant YITSHAK SISO |
| 7 |   | was to return to Los Angeles, California. |
| 8 | 7. | On or about November 28, 2003, at approximately 10:45 a.m., |
| 9 |   | in San Diego, California, Dat Vinh Le met with Louie Dung |
| 10 |   | Bui in front of the residence of Dat Vinh Le, Louie Dung |
| 11 |   | Bui opening the trunk of his vehicle, pulling out a |
| 12 |   | backpack containing a package of money, and handing the |
| 13 |   | package to Dat Vinh Le. |
| 14 | 8. | On or about November 28, 2003, at approximately 11:42 a.m., |
| 15 |   | in San Diego, California and Los Angeles, California, Dat |
| 16 |   | Vinh Le had a telephone conversation with Eliyahu Marciano |
| 17 |   | in which Eliyahu Marciano instructed Dat Vinh Le to get |
| 18 |   | together with defendant YITSHAK SISO that day. |
| 19 | 9. | On or about November 28, 2003, at approximately 12:07 p.m., |
| 20 |   | in San Diego, California, Dat Vinh Le met with defendant |
| 21 |   | YITSHAK SISO in front of the residence of Dat Vinh Le and |
| 22 |   | handed over a package (containing thousands of dollars) to |
| 23 |   | defendant YITSHAK SISO. |

All in violation of Title 21, United States Code, Section 846.

## Count 2

On or about November 28, 2003, within the Southern District of California and elsewhere, defendant YITSHAK SISO did knowingly conduct and attempt to conduct a financial transaction affecting interstate

1 | commerce, that is, the pick-up of thousands of dollars in United
2 | States currency from Dat Vinh Le, which in fact involved the proceeds
3 | of the distribution of controlled substances, knowing that the
4 | property involved in the financial transaction represented the
5 | proceeds of some form of unlawful activity with the intent to promote
6 | the carrying on of the specified unlawful activity; in violation of
7 | Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18,
8 | United States Code, Section 2.

DATED: SEPTEMBER 19, 2005.

                    CAROL C. LAM
                    United States Attorney

By: *Edward C. Weiner*
    EDWARD C. WEINER
    Assistant U.S. Attorney